### CORNELL STEAMBOAT CO. v. UNITED STATES.

(District Court, S. D. New York.  May 21, 1904.)

1. SALVAGE—SUIT AGAINST UNITED STATES—JURISDICTION.

A claim for salvage is founded on an implied contract, and, where it does not exceed $1,000, a suit thereon may be maintained against the United States in a District Court, under the Tucker act of March 3, 1887, c. 359, §§ 1–7, 24 Stat. 505, 506 [U. S. Comp. St. 1901, pp. 752–755], which provides for suits in either the Court of Claims or a Circuit or District Court on "all claims founded upon * * * any contract, express or implied, with the government of the United States, * * * in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity or admiralty if the United States were suable."

2. SAME—SALVAGE ON DUTIES COLLECTED.

A lighter loaded with imported sugar, on which the duties had been paid, but which was still in the custody of the customs officers, was saved from fire in the port of New York by libelant's tug. Held, that the government had an interest in the sugar to the extent of the duty paid thereon, and that libelant was entitled to recover from the United States salvage on such amount at the same rate allowed against the sugar itself.

3. SAME—FINDINGS OF LAW.

In an action against the United States to recover salvage on duties collected by reason of the salving of merchandise while in the custody of the customs officers, the court will not make findings of law defining the powers of the Secretary of the Treasury in respect to refunding the duties under Rev. St. § 2984 [U. S. Comp. St. 1901, p. 1958], had the merchandise been destroyed.

Action to Recover for Salvage Services.

Benedict & Benedict, for petitioner.

Henry L. Burnett, U. S. Atty., and Arthur M. King, Asst. U. S. Atty.

ADAMS, District Judge.  This is a petition filed by the Cornell Steamboat Company against the United States for the recovery of salvage on certain duties collected by the Government.  The main facts have been, in substance, agreed upon as follows:

#### "Findings of Fact.

First.  The Cornell Steamboat Company is a corporation duly incorporated under the laws of the State of New York, and is resident within the Southern District of New York, and is and was on the 9th day of January, 1901, the owner of the steam tug R. G. Townsend.

Second.  On or about the 9th of January, 1901, a certain lot of 1,883 bags of sugar, while on board of a certain lighter called the Bangor, in the waters of the Port of New York, was in danger of being destroyed by fire, and the tug R. G. Townsend, belonging to the petitioner, at great risk and peril, saved the said cargo of sugar from destruction by said fire.

Third. The said sugar had been imported from a foreign country, and was subject to duty under the laws of the United States; and at the time of said fire had not been delivered to the consignees and was still in the possession and under the control of Custom House officers of the United States.

Fourth. The duties on said sugar amounted to $6,000, and said sum had been paid to the Government of the United States.

Fifth. On the 25th of February, 1901, petitioner filed a libel in the District Court of the United States for the Eastern District of New York against the said cargo of sugar, to recover salvage compensation for the services rendered in saving said sugar. The owner of the sugar thereafter appeared and claimed the sugar, and filed an answer to the libel, and such proceedings were had that on the 20th day of April, 1901, the court made a decree awarding the petitioner salvage for its said services in saving the sugar, and fixing the amount of the award for said salvage services at ten per cent. of the value of the property saved, and by said decree awarded to the petitioner as salvage the sum of Twelve hundred and seventy-four $^{3}/_{100}$ Dollars [108 Fed. 277].

Sixth. In fixing said sum the District Court considered the invoice value of the sugar only, and in no way awarded a percentage of the value of the estimated duties saved to the United States by said salvage services.

Seventh. A copy of said decree is a copy of said decree referred to above.

Eighth. Petitioner has duly filed its petition herein in this District and served a copy thereof on the United States District Attorney for this District, and mailed a copy of the same by registered letter to the Attorney General of the United States, and filed affidavit of such service and mailing with the Clerk of this Court."

The defendants here ask for the following conclusions of law, viz.:

"Second. If the said sugar had been destroyed by fire, the owners thereof would have been entitled under the statute, to make application to the Secretary of the Treasury for a refund of the duties paid upon said sugar, but that the granting of said petition would have been entirely a matter of discretion with the said Secretary of the Treasury, and his decision in the premises would have been final and not subject to review by this or any other Court.

Fourth. If said sugar had been destroyed by fire, the Government would not have lost the right to its duties but could have maintained a suit for their recovery."

The finding of these conclusions would tend to determine the matter in favor of the Government, because it might then rest with the Secretary of the Treasury to determine whether the salvage should be paid or not. Although it may be assumed that the Secretary would act correctly in the case, in such event, there would be no legal right to a judgment.

The Tucker Act, under which this action was brought, provides (chap. 359):

"Be it enacted &c. That the Court of Claims shall have jurisdiction to hear and determine the following matters:

First. All claims founded upon the Constitution of the United States or any law of Congress, * * * or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable.

*      *      *      *      *      *      *      *      *

Sec. 2. That the district courts of the United States shall have concurrent jurisdiction with the Court of Claims as to all matters named in the preceding section where the amount of the claim does not exceed one thousand dollars, and the circuit courts of the United States shall have concurrent jurisdiction in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars. All causes brought and tried under the provisions of this act shall be tried by the court without a jury.

130 F.—31

Sec. 3. * * *

The judgment of said court or the Supreme Court of the United States, to which an appeal shall lie, as in other cases, as to the amount due, shall be binding and conclusive upon the parties. * * *

\* \* \* \* \* \* \* \* \*

Sec. 7. That it shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon. If the suit be in equity or admiralty, the court shall proceed with the same according to the rules of such courts."

Act March 3, 1887, c. 359, 24 Stat. 505, 506, 1 Supp. Rev. St. pp. 559–561 [U. S. Comp. St. 1901, pp. 752–755].

The claim in this action is founded upon an implied contract, based upon the principle that the Government has undertaken to do what it ought to do. The law has recently been discussed in a salvage claim against the Government and it was held that the United States Courts have jurisdiction to determine such a claim. United States v. Morgan, 99 Fed. 570, 39 C. C. A. 653.

By reason of the amount involved, that action was in the Circuit Court but the discussion applies here and it is unnecessary to go over the same ground.

On the question of the conclusions sought, the Government refers to D. M. Ferry & Co. v. United States, 85 Fed. 550, 29 C. C. A. 345. That was a case where a petition was filed under section 2984 of the Revised Statutes [U. S. Comp. St. 1901, p. 1958], and the Secretary of the Treasury made a ruling relative to duties which had been paid. It was sought to review such ruling but the court held it could not be done. Referring to the case of Nichols v. United States, 7 Wall. 122, 19 L. Ed. 125, it was said (page 555, 85 Fed., page 350, 29 C. C. A.):

"To avoid the effect of the Nichols Case upon the question before us, it is pointed out that in that case the revenue laws themselves provided a remedy by which the taxpayer might bring the secretary's decision under review in the courts, but that here there is no such provision. This is true, but the Nichols Case did not proceed on the ground that there had been an appeal to the courts provided for within the revenue acts themselves; nor was it intimated that a suit in the court of claims would have been permitted had no such appeal to the courts been provided. On the contrary, the plain effect of the decision is that if the intention of congress is manifest to create the secretary of the treasury a tribunal to decide whether a wrong has been committed under the revenue law, and has made no provision for an appeal, because the revenue law provides a complete system within itself, the presumption must be that it was intended to make the decision of the special tribunal thus established final."

It would seem that no conclusion of law should be made here which would apparently affect the jurisdiction of this court to determine the question involved, and I decline to make the Government's proposed conclusions.

I adopt the following conclusions of law, as proposed by the petitioner, viz.:

"Conclusions of Law.

First. At the time of the salvage aforesaid the United States had an interest in said sugar to the amount of Six thousand Dollars.

Second. By reason of said salvage service the said sum of Six thousand Dollars in duties has been saved to the United States.

Third. The petitioner is entitled to recover as salvage herein the same percentage on the sum so saved to the United States as was allowed by the United States District Court for the Eastern District of New York against the sugar itself, to wit, ten per cent.

Fourth. The petitioner is entitled to judgment against the United States for the sum of Six hundred Dollars."

Judgment for petitioner for the sum of $600.